# The People of the State of Illinois, Defendant in Error, v. Lewis Stone, Plaintiff in Error.

## Gen. No. 5238.

1. EVIDENCE—*how record may be proven.* A record of a public official may be legally proven by an examined copy thereof.

2. DRAM-SHOPS—*what instruction proper in prosecution for unlawfully selling intoxicating liquor in anti-saloon territory.* Held, in such a prosecution that it was not error for the court to instruct the jury for the People that it was not necessary for the prosecution to prove that the liquor sold would actually intoxicate a person or that anybody had become intoxicated; that all that was required was proof that the defendant had sold any distilled, spirituous, vinous, fermented or malt liquor, whether strong or weak, and whether in fact intoxicating or not.

3. INSTRUCTIONS—*when upon duty of jury proper.* An instruction is proper which tells the jury that they should decide the case upon the law as it exists in the State and upon the evidence produced upon the trial without regard to their own personal ideas as to what the law ought to be.

Criminal prosecution for unlawful sale of intoxicating liquor. Error to the County Court of Boone county; the Hon. WILLIAM C. DEWOLF, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed March 11, 1910.

WILLIAM L. PIERCE, for plaintiff in error.

PATRICK H. O'DONNELL and CHARLES W. FERGUSON, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Plaintiff in error was indicted in the Circuit Court of Boone county for unlawfully selling intoxicating liquor in the town of Belvidere, in Boone county, while said town was anti-saloon territory, the indictment containing four counts. The indictment was certified to the County Court and plaintiff in error was tried and convicted under each of said counts. He was

fined $100 under the first count and $50 under each of the other counts, and was sentenced to imprisonment in the county jail for 20 days under the first count and for 10 days under each of the remaining counts. He has sued out this writ of error to review said judgment.

It was stipulated that the city of Belvidere, in the town of Belvidere, in Boone county, has been anti-saloon territory continuously since May 7, 1908. Milo Murphy, a farmer, testified that he was in the place of business of plaintiff in error four times in April, 1909; that the first time he called for ginger ale and was given a glass of whiskey and a glass of water, for which he paid ten cents; that the same thing occurred the second and third times, except that the third time he asked George Cook to take something and Cook said he would take a bottle, and the man behind the bar went to the ice chest and got a bottle and gave it to Cook and plaintiff in error paid twenty-five cents for the whiskey and the bottle; that later the same day he went to that place again several times and bought bottles of beer and that it was old fashioned lager beer; that he bought some of this from plaintiff in error and some from his assistant; that he paid fifteen cents a bottle for the first and then they gave him another brand that was only ten cents. Cook, also a witness for the people, testified that the bottle which he had was "Fizz" and that he did not think it was lager beer. It was proved that plaintiff in error had a bar, an ice chest, a slot machine, and swinging doors made of shutters. The assistant to plaintiff in error testified that he did not sell Murphy any whiskey or lager beer or other intoxicating drink and that he and plaintiff in error were the only ones employed back of the bar. Plaintiff in error testified that he did not think that he had ever seen Murphy till the morning he testified, and that he did not sell him any beer, whiskey or intoxicating liquor. Several

witnesses called by plaintiff in error impeached the reputation of Murphy for truth and veracity, and several other witnesses, called in rebuttal, sustained that reputation.

Benjamin L. Brittin, a resident of Belvidere, testified that he knew that there was such an officer as the United States collector of internal revenue for the first district of Illinois, which included the county of Boone; that he knew that Henry L. Hertz was the collector of internal revenue for that district in December, 1908; that he knew that the office of said collector was in the Federal Building in Chicago; that he visited that office for the last time on January 18, 1909; that he knew who besides Hertz was in charge of the records; that Frank M. Street was the chief deputy of that office; that one Graft was the custodian of certain records; that Darvey was one of the clerks in the office and seemed to have general charge; that he knew that there was kept in that office a record of the special tax stamps or receipts issued to wholesale and retail liquor dealers by the United States government for the first district of Illinois; that he examined those records and made a copy of a portion thereof, which he produced; that he had compared that copy with the record in said office and that it was a true and correct copy thereof; that he knew that the letters "R. L. D.", under the word "Business" in one column of the paper stood for "retail liquor dealer." Said copy so produced by the witness was then offered in evidence. The only objection made thereto was that this was not the proper way to prove a record. The rule at common law is that a competent record may be proved by an examined copy. This proof was direct and positive and seems to meet the requirements of the rule. The only objection made was therefore properly overruled. The record was competent proof under Gen. No. 5244, People v. Joyce, in which we file an opinion this day. *Post,* p. 13. Although the paper was admitted in evi-

dence, it is not set out in the bill of exceptions. We must therefore assume that it showed the issuance of an internal revenue special tax stamp or receipt by the United States to plaintiff in error as a retail liquor dealer at the city of Belvidere, covering the time involved in this prosecution. If so, it was *prima facie* evidence of the guilt of plaintiff in error under section 17 of the act of 1907 concerning anti-saloon territory. The question whether Murphy was telling the truth or plaintiff in error and his assistant, was one for the jury. In view of this proof that plaintiff in error had obtained an internal revenue special tax stamp as a retail liquor dealer, we are unable to say that the jury were not warranted in their conclusions upon the facts.

It is contended that the court erred in instructing the jury for the People that it was not necessary for the prosecution to prove that the liquor sold would actually intoxicate a person or that anybody had become intoxicated; that all that was required was proof that plaintiff in error had sold any distilled, spirituous, vinous, fermented or malt liquors, whether strong or weak, and whether in fact intoxicating or not; and also in refusing an instruction requested by plaintiff in error that he could not be convicted unless the jury believed from the evidence beyond a reasonable doubt that the article sold by plaintiff in error contained alcohol, either obtained by fermentation or by the additional process of distillation, in such proportions that it would produce intoxication when taken in such quantities as may practically be drank. Section 1 of the act concerning anti-saloon territory enacts that the term "intoxicating liquors" in that statute shall include all distilled, spirituous, vinous, fermented and malt liquors, and the instruction given seems to be in conformity with the statute. Complaint is made of an instruction given at the request of the People, which said that the jury should decide the case upon the law as it now exists in this State and upon the evidence produced upon the trial, without regard to

their own personal ideas as to what the law ought to be. We approve of this instruction. Complaint is made of the instruction given at the request of the. People concerning the internal revenue special tax stamp, because it did not require, in order to make it effective as evidence, that such tax stamp should be posted in the place of business of plaintiff in error. People v. McBride, 234 Ill. 146, is cited to support that contention. That case does not hold that the posting of the stamp is essential to make it competent evidence and *prima facie* proof of the sale of such liquor at the place of business of the party to whom the stamp was issued, where that is the place named in the stamp.

We find no reversible error in the record. The judgment is therefore affirmed.

*Affirmed.*