HILDRETH v. CRAWFORD ET AL., COMMISSIONERS OF PHARMACY, ETC.

1. **Pharmacist:** UNLAWFUL SALE OF LIQUORS BY: FORFEITURE OF LICENSE. For the unlawful sale of intoxicating liquors, the commissioners of pharmacy may revoke the certificate of a registered pharmacist and strike his name from the register.

2. **Commissioners of Pharmacy:** ACT CONFERRING POWERS UPON: CONSTITUTIONALITY. The creation of a board of pharmacy, with the powers conferred thereon by chapter 75, Acts of Eighteenth General Assembly is not void, as being an attempt to delegate the powers which the constitution vests only in the legislature.

3. ———: REVOCATION OF LICENSE BY: DUE PROCESS OF LAW. Plaintiff's certificate as a pharmacist was revoked, and his name stricken from the register, by the commissioners of pharmacy, upon the record proof of his conviction by a competent tribunal of the unlawful sale of intoxicating liquors. *Held* that he could not complain that he was deprived of his property without due process of law.

4. **Pharmacist:** REVOCATION OF LICENSE: UNLAWFUL SALE OF LIQUORS: INTOXICATING AND ALCOHOLIC. Under § § 8 and 9, chapter 75, Acts of Eighteenth General Assembly, a pharmacist's license may be revoked by the commissioners of pharmacy for the sale of either intoxicating or alcoholic liquors.

5. ———: ———: ———: NUMBER OF OFFENSES. Under § 8 of the said act, such license may be revoked for a single unlawful sale of intoxicating liquors. SEEVERS and ADAMS, J J., *dissenting*.

6. **Indictment:** ALLEGATION OF COUNTY: JUDICIAL NOTICE OF LOCATION OF TOWN. An indictment which charged that the crime was committed in the town of L., without naming the county, was not defective, where L. was the county seat of the county where the indictment was found; for the court will take judicial notice of that fact.

7. **Certiorari:** WILL NOT LIE TO REVIEW DISCRETIONARY ACTS. Where a board (such as the commissioners of pharmacy) is clothed with power to determine certain facts, its decision cannot be reviewed on *certiorari*, upon the ground that the evidence considered was incompetent or insufficient. *Tiedt v. Carstensen*, 61 Iowa, 334, followed.

*Appeal from Polk Circuit Court.*

WEDNESDAY, DECEMBER 10.

CERTIORARI to review the action of defendants, who are the

commissioners of pharmacy, in striking plaintiff's name from the pharmacy register, and revoking his certificate as a pharmacist. Upon the final hearing, the circuit court dismissed plaintiff's petition, and affirmed the action of the commissioners. Plaintiff appeals.

*Parsons & Runnells*, for appellant.

*Smith McPherson, Attorney-general*, for appellee.

Beck, J.—I. The abstract before us shows that the defendants, acting as the commissioners of pharmacy of the state, upon the record of the conviction of plaintiff upon an indictment for maintaining a nuisance, by keeping a place for the sale of intoxicating liquors contrary to law, and by selling intoxicating liquors therein in violation of law, did strike his name from the register of pharmacists, and revoke the certificate issued authorizing him to practice as a pharmacist. The plaintiff, in his petition, complains of the want of authority of the defendants, and of certain alleged illegal acts in the proceeding and judgment in question. The defendants made full return of their doings in the case. The proceedings in the cause, and plaintiff's objections thereto, need not be here more particularly referred to. They will be stated, so far as may be necessary, in the consideration and discussion of the various grounds of objection urged in this court by plaintiff's counsel to the judgment of the circuit court; but, that these proceedings and plaintiff's objections thereto may be understood, it is necessary to set out here with proper fullness the statute under which the proceedings were had, viz., chapter 75, Acts of the Eighteenth General Assembly.

The statute is entitled "An act to regulate the practice of pharmacy, and the sale of medicines and poisons." Sections 1 and 2 forbid any one not a registered pharmacist to conduct any drug-store or apothecary shop, etc., or to compound and dispense prescriptions of physicians, or to retail or dispense poisons for medical use, except under the supervision

of a registered pharmacist. Penalties are provided for the violation of these sections. Section 3 provides for the appointment by the governor of three commissioners of pharmacy, who are authorized " to make by-laws and necessary regulations for the fulfillment of their duties under this act." Sections 4 and 5 provide for the registry of the names of all persons to whom the commissioners issue certificates. Persons in the business when the law took effect, it is provided, shall be registered without examination; others upon examination. These sections contain provisions as to the manner of examination, and other matters that need not be here more particularly referred to. Section 6 relates to fees and other matters not involved in the questions brought to our attention by this case. Section 7 declares that registered pharmacists shall be responsible for the quality of the drugs and medicines they may sell and dispense, and provides penalties for the sale of adulterated articles, and for the striking of the names of offenders from the register. Section 8 is in the following language: " Apothecaries registered as herein provided shall have the right to keep and sell, under such restrictions as herein provided, all medicines and poisons authorized by the National American or United States Dispensatory and Pharmacopœia as of recognized medical utility: provided that nothing herein contained shall be construed so as to shield an apothecary or pharmacist, who violates or in any way abuses this trust for the legitimate and actual necessities of medicine, from the utmost rigor of the law relating to the sale of intoxicating liquors, and in addition thereto his name shall be stricken from the register." Section 9 declares that it shall be unlawful for any person to retail any of the poisons enumerated, except as therein prescribed. The last sentence of the section is as follows: " Nor shall it be lawful for any licensed or registered druggist or pharmacist to retail, or sell, or give away, any alcoholic liquors or compounds as a beverage, and any violation of the provisions of this section shall make the owner or

principal of said store or pharmacy liable to a fine of not less than twenty-five dollars, and not more than one hundred dollars, to be collected in the usual manner, and, in addition thereto, for repeated violations of this section, his name shall be stricken from the register." Section 10 provides for licensing itinerant vendors of drugs, nostrums, etc. Section 11 provides penalties for procuring, or attempting to procure, registration by false representations, and for conducting the business of selling drugs and medicines without registration. Section 12 declares that the act shall not apply to physicians putting up their own prescriptions.

. The plaintiff was convicted upon an indictment which is in the following language:   "The said I. F. Hildreth, on the first day of July, A. D. 1880, in the county aforesaid, and daily thereafter, up to the finding of this indictment, did unlawfully keep, own, control, continue, establish and manage a building, in Leon, Iowa, for the purpose and intent of keeping and selling therein, in the state of Iowa, intoxicating liquors, in violation of law, and at the said time and place, and in said building, the said defendant did keep and sell, in the state of Iowa, intoxicating liquors, in violation of law."

. II.   Counsel for plaintiff insists that the offense for which he was convicted is not contemplated by the statute as a ground for the revocation of the certificate of a registered pharmacist, as we understand counsel, for the reason that the defendants had no jurisdiction in the case.   The statute provides what class of persons shall hold certificates of registration, and the grounds upon which the certificates shall be revoked.   Not only the acquirements of the pharmacists are to be contemplated under the statute, in determining whether he shall receive the certificate, but it provides that the violation of the statute forbidding the sale of intoxicating liquors shall be cause for  revoking his registration.   This provision is based upon the ground that one who illegally sells intoxicating

1. PHARMA-
CIST: unlaw-
ful sale of
liquors by:
forfeiture of
license.

liquors is not a fit person to hold a certificate as a pharmacist.' There are many valid reasons, which need not be here stated, which doubtless induced the restriction. Now, while the statute relates to the practice of pharmacy and the sale of poisons, it prescribes causes which shall take from the pharmacist the right to hold a license. It matters not whether the intoxicating liquors sold by plaintiff were or were not to be regarded either as medicines or poisons. Their sale by plaintiff was unlawful; and, for the violation of the law in selling them, he became disqualified to hold his registration.

III. The plaintiff insists that " the creation of a board of officers, with legislative and judicial powers, is not only wholly foreign to the subject of the act, as indicated by its title, but is void as an attempt to delegate powers which the constitution vests only in the legislature." (1) The act regulates the practice of pharmacy by declaring the conditions upon which it shall be practiced, and the class of persons thereto empowered. It contains many regulations, which are readily discovered upon reading the statute. It is obvious that these regulations can be applied and enforced only by officers duly authorized by law. The commissioners are such officers. (2) There are no legislative powers intrusted to the commissioners; they can neither make nor unmake a single provision of law. They are charged with the administration of the law, and with no other powers. (3) While in the administration of the law they are intrusted with certain *quasi* judicial powers, they possess none except those of the class which the law confers upon ministerial and executive officers. They exercise discretion which may be *quasi* judicial, just as all officers do. The by-laws and regulations which they are authorized to make pertain to the lawful discharge of the duties imposed upon them. They do not pertain to the rights or liabilities of other persons. (4) It is complained that the commissioners are authorized to exact a license fee. Surely we are not expected to cite authorities to show that

*2. COMMISSIONERS of pharmacy: act conferring powers upon: constitutionality.*

the legislature may provide for licensing persons engaged in specified pursuits, and require the payment of a fee therefor by the person accepting a license. Counsel do not deny that the statute, so far as it requires a pharmacist to obtain a license or certificate, is constitutional, but insist that the provision for fees is unconstitutional. They give neither reasons nor cite authorities to support their position. It demands no further attention.

IV. Counsel insist that the proceedings before the commissioners were without authority, and in conflict with the constitution, in that plaintiff thereby is deprived of his property without due process of law. By this they mean that plaintiff was entitled to a trial before some court. Well, defendant had such a trial in the most solemn and formal manner. He was indicted and convicted of violating the law relating to the sale of intoxicating liquors. He had another trial before the defendants to determine whether he had been so convicted, and the fact was established in the manner prescribed by law, *i. e.*, by the production of the record. Here, then, he had two trials. His violation of the law was thus established before the commissioners, who are charged with the duty of giving and revoking certificates of registration. They discharged a plain and imperative duty in revoking plaintiff's certificate.

3. ——: revocation of license by: due process of law.

V. The statute (section 8) declares that the certificate of registration shall be revoked for violation of the law relating to the sale of intoxicating liquors. But counsel say that there is a difference between alcoholic and intoxicating liquors, and that section 9 provides that the certificate shall be revoked for the unlawful sale of alcoholic liquors. So it is; but section 8 authorizes the revocation for the sale of intoxicating liquors. It follows that, as both sections must stand, the revocation may be for the sale of both intoxicating and alcoholic liquors.

4. PHARMACIST: revocation of license: unlawful sale of liquors.

VI. Section 9 declares that for *repeated* violations of its provisions the certificate may be revoked. But section 8

5. ——: ——: declares that for violations of the law relating to
——: number of offenses the sale of intoxicating liquors, without regard
to the repetition of the offense, the name of the offender shall
be stricken from the register. Section 9 applies to other
violations of the law besides the sale of alcoholic liquors. The
provision as to repeated offenses will be construed to apply
to them, and not to the sale of intoxicating or alcoholic
liquors, which is provided for in section 8. By this construction both sections stand, and are not in conflict.

VII. It is insisted that the indictment upon which plaintiff was convicted fails to show that the offense was committed within the jurisdiction of the court in

6. INDICTMENT : allegation of county: judicial notice of location of town.

which the indictment was found. It will be observed that it alleges that the offense was committed in Leon. The court would take judicial notice that Leon was the county seat of the county wherein the indictment was found. But surely the objection could not be raised after verdict and judgment, in a proceeding involving the enforcement of a penalty based upon the judgment. This objection, as well as one based upon the claim

7. CERTIORARI : will not lie to review discretionary acts.

that an appeal was pending in the case wherein plaintiff was convicted at the time of the hearing before defendants, and another based upon the incompetency of the judgment as evidence in the case, pertain to questions of fact, which were for the determination of defendants. They are not based upon questions of jurisdiction, or of illegal acts of defendants. The competency and sufficiency of the evidence were before defendants for consideration, and they did not act illegally or without jurisdiction in deciding thereon. They may have erred in their decision, but their error cannot be reviewed upon *certiorari*. *Tiedt v. Carstensen*, 61 Iowa, 334.

We reach the conclusion that the circuit court rightly dismissed plaintiff's petition. The judgment appealed from is, therefore,                                    AFFIRMED.

SEEVERS, J., *dissenting*. Being unable to agree to the

foregoing opinion, it is proper that I should briefly state the grounds of my dissent. For the purposes of this opinion, I concede the constitutionality of the statute considered in the foregoing. As I understand the opinion of the majority, it holds that the commissioners of pharmacy were authorized to revoke the license of the plaintiff as a pharmacist under section 8 of chapter 75 of the Acts of the Eighteenth General Assembly. It will be observed that that section provides that, if the pharmacist violates or abuses in any way the law relating to the sales of intoxicating liquors, his name shall be stricken from the register of pharmacists; and section 9 provides that for repeated violations of that section the name of the registered pharmacist may be stricken from the register. Section 8, in my opinion, should be construed as meaning that the name of the pharmacist shall be stricken from the register as provided in the chapter; that is, for "repeated violations of the law," as provided in section 9.

The provisions of the statute in relation to the sale of intoxicating liquors are peculiar, and contain provisions not to be found in any other criminal statute. Of these provisions, however, no just complaint can be made by the courts. But, as the plaintiff could not, when his name was stricken from the register, continue the legitimate business of selling drugs and medicines, the statute should not be so construed as to deprive him of such right, unless it quite certainly appears that such is the legislative intent. Now, in my judgment, so far from this being so, it clearly appears, I think, that the druggist must persistently violate the statute; or, at least, that it must appear that the statute has been violated in more than a single instance, before the name of a registered pharmacist can be stricken from the register.

Mr. Justice Adams unites in this dissent.