THE PEOPLE v. GEORGE BROOKS.

*Constitutional law—Regulation of fishing—Title of act—Due
process of law—Judicial notice.*

1. Act No. 111, Laws of 1889, entitled " An act to protect fish and
to regulate fishing in the waters of this State, by providing
close seasons for certain kinds of fish, by prohibiting the catch-
ing of fish in certain specified ways, by prohibiting the catch-
ing of fish of certain sizes and in certain waters and for cer-
tain purposes, by prohibiting the obstruction of the free passage
of fish, and by prohibiting the sale of certain kinds of fish,
and to protect persons engaged in fish culture," has only one
general purpose, which is to regulate fishing, and the includ-
ing in such general purpose of that of protecting those inci-
dentally deriving benefit from such regulation is not an
infringement of article 4, § 20, of the Constitution, which pro-
vides that no law shall embrace more than one object, which
shall be expressed in its title.

2. The contention of respondent that his land which abuts on the
lake in which he is accused of illegally fishing, and his nets
and paraphernalia used in fishing, are made less valuable by
depriving him of the right so to fish, and that as a result he
is deprived of his property without due process of law, is ruled
by *People v. Collison*, 85 Mich. 105, where it was held that,
by reason of the migratory habits of fish, their ownership is
in the whole people of the State, and no individual has any
property right in them until they have been subjected to his
control; that to fish is a privilege accorded by the State, and
the question of individual enjoyment is one of public privi-
lege, and not of private right.

3. The provision of the act which authorizes the State Board of
Fish Commissioners to give permits to any person to catch or
take fish from the waters, at such time and in such manner
as the commission may direct, for the purpose of propagation,
does not confer upon the commission legislative power, but is
an exception from the enacting clause, excepting the taking
of fish for the purpose of propagation under such restrictions
as it is entirely competent for the Legislature to prescribe.

4. The Court will take judicial notice of the existence of such a
body of water as Lake St. Clair.

Exceptions before judgment from Macomb. (Canfield, J.) Argued April 25, 1894. Decided June 16, 1894.

Respondent was convicted of fishing with a net in the waters of Lake St. Clair, contrary to the provisions of Act No. 111, Laws of 1889. Conviction affirmed. The facts are stated in the opinion.

*Franklin P. Monfort* (*Eldredge & Spier*, of counsel), for respondent.

*A. A. Ellis*, Attorney General, and *O. C. Lungerhausen*, Prosecuting Attorney, for the people.

MONTGOMERY, J. The respondent was convicted of a violation of the provisions of section 5 of Act No. 111, Laws of 1889.[1] The facts were not in dispute. The respondent owned land adjoining that portion of Lake St. Clair in which fishing with nets is prohibited, and was engaged in the business of fishing opposite the premises with nets.

It is contended on the part of the respondent that the act in question is unconstitutional—*First,* in that the title is ambiguous, inadequate, and uncertain, and is in violation of section 20 of article 4 of the Constitution; *secondly,* that the act violates section 32 of article 6 of the Constitution, which provides that no person shall be deprived of life, liberty, or property without due process of law; *thirdly,* that it violates section 1 of article 4 of the Constitution, in that it delegates to the State Board of Fish Commissioners legislative power; and it is further contended that, even if the act is held constitutional, there is no such water, which the court can take legal cognizance of, as Lake St. Clair.

1. The title of the act is—

[1] 3 How. Stat. § 2197*f*.

"An act to protect fish and to regulate fishing in the waters of this State, by providing close seasons for certain kinds of fish, by prohibiting the catching of fish in certain specified ways, by prohibiting the catching of fish of certain sizes and in certain waters and for certain purposes, by prohibiting the obstruction of the free passage of fish, and by prohibiting the sale of certain kinds of fish, to protect persons engaged in fish culture, and to repeal inconsistent acts."

It is contended that the title expresses the purpose to protect fish, the purpose to protect persons engaged in fish culturé, and the purpose to regulate fishing. It is perfectly evident from the title that the act has only one general purpose, which is to regulate fishing. It is true that, included in the general purpose, is that of protecting those incidentally deriving benefit from such regulation. The act does not infringe this constitutional provision. *People v. Mahaney,* 13 Mich. 494, 495; *Kurtz v. People,* 33 Id. 281, 282; *Stockle v. Silsbee,* 41 Id. 615; *Wardle v. Cummings,* 86 Id. 395; *Bissell v. Heath,* 98 Id. 472; *Davis v. Woolnough,* 9 Iowa, 104.

2. Nor does the statute violate section 32 of article 6, which provides that no person shall be deprived of life, liberty, or property without due process of law. It is argued that the lands of respondent abutting on the lake, and the nets and paraphernalia used in fishing, are made less valuable by depriving the owner of the right to fish, and that this has resulted in depriving the respondent of property. This question is ruled by *People v. Collison,* 85 Mich. 105, 108, in which case the Court, speaking by Mr. Justice McGrath,, say:

"Defendant James Collison never acquired any property in the fish which frequent Gun lake. By reason of their migratory habits, their ownership is in the whole people of the State, and no individual has any property right in them until they have been subjected to his control. To fish is a privilege accorded by the State, and the question of

individual enjoyment is one of public privilege, and not of private right."

See, also, *State v. Roberts*, 59 N. H. 256; *Hooker v. Cummings*, 20 Johns. 90.

The whole subject is reviewed in the recent case of *Lawton v. Steele* by the Supreme Court of the United States, and a statute of the state of New York, regulating the taking of fish from the waters of Henderson bay and Lake Ontario, sustained, and a much more doubtful exercise of police power, by authorizing the destruction by officers of the law of nets used in fishing, and prohibiting actions for damages on account of their seizure and destruction, declared to be within the constitutional power of the legislature. The case is reported in 14 Sup. Ct. Rep. 499.

3. It is contended that the statute is invalid, as conferring upon the State Board of Fish Commissioners legislative power, in that it authorizes such commissioners to give permits to any person to catch or take fish from the waters, at such time and in such manner as the commission may direct, for the purpose of propagation. This does not confer upon the commission legislative power. It is an exception from the enacting clause, excepting the taking of fish for the purpose of propagation under such restrictions as it is entirely competent for the Legislature to prescribe.

4. The contention that there is no such water, which the court can take cognizance of, as Lake St. Clair, is not worthy of serious consideration. The court will take judicial notice of the existence of the geographical subdivisions, and of the existence of such a body of water as this lake.

There was no error in the proceedings. The conviction will be affirmed.

The other Justices concurred.