Chittenden, J.
This action is brought by the plaintiff to recover an amount which is alleged to be due for permits issued by the defendant to install electrical wiring. The action is based upon an ordinance of the city of Toledo providing for the regulation of electrical wiring and inspection, the ordinance being comprised in Sections 411 to 426 inclusive, of the general ordinances of the city of Toledo. The action is resisted upon the ground that the ordinance is unconstitutional. Upon the trial of the case, the controversy became limited to the claims that the ordinance was invalid because it delegated legislative authority to the electrical inspector.
The subjest-matter is clearly one upon which it is proper to enact legislation for the purpose of controlling the installation of electrical wiring and for inspection of the same, under police powers. The latest statement with reference to the scope of police powers by the Supreme Court of Ohio is found in Sanning v. City of Cincinnati, 81 O. S., 154, 155.
Section 416 of the ordinance provides for the issuing of certificates of registration to persons who desire to do electrical work, and among other things provides as follows:
“And no such certificate shall be issued until the applicant shall have complied with this section, nor shall any such certificate be issued t.o any applicant believed to be incompetent, and the electrical inspector is hereby authorized to examine any applicant by him believed to be incompetent, for the purpose of showing the fact, and to grant and refuse a certificate accordingly. ’ ’
This action is clearly unconstitutional under the decision of Harmon v. State, 66 O. S., 249.
It is urged by the city, however, that the defendant is estopped from claiming this defense, inasmuch as the certificates of registration were at all times issued to the defendant or to his em *663 ployes, and that the work was performed after such certificates were granted. Counsel for the city further contended that the validity of this section is not involved in this case.
I doubt that the doctrine of estoppel can be invoked in this matter, as there is no evidence of the city acting to its prejudice in the granting of certificates. If the defendant is precluded from asserting this defense it is. rather on the ground of waiver. In my judgment however, this defense is not presented in this case for the simple reason that it is in no way involved in this action. The Supreme Court in Sanning v. City of Cincinnati, 81 O. S., 158, speaking with reference to a similar defense say:
“But we do not think it is necessary in the present case to consider the validity or the invalidity of the ordinance in those respects, for the plaintiff in error obtained a license, and objects only to the requirements of the fifth section. ”
And so in this case the defendant complains only of being required to pay for permits under Section 425. It has been decided so many times in Ohio that authorities need not be cited, that the invalidity of one'portion of an ordinance does not necessarily invalidate the entire ordinance. The question then arises as to whether or not the unconstitutional section, being Section 416, is so involved with the balance of the ordinance that it can not be eliminated without destroying the entire act. The necessity for proper installation of electrical wiring and devices and inspection of the same is no less important because of the failure to have workmen registered, than it would be if a proper section for the registration of workmen was included in the ordinance. I therefore unhestatingly conclude that the balance of the ordinance is not affected by the elimination of Section 416.
But it is further urged that by Section 422, which' provides in substance that the electrical inspector shall adopt and promulgate proper rules and requirements for the installation of electrical wiring and appurtenances, and that all electrical construction, material and appliances shall be constructed and installed in conformity with the rules and requirements of the national electrical code, is void, because it delegates legislative *664 power to the inspector and to the National Board of Fire Underwriters.
It is stated in Volume 6 American & English Encyclopoedia of Law, page 1029 that:
“There is no constitutional reason why legislative functions which are merely administrative or executive in their character should not be delegated by that branch of the government to other departments, or to bodies created by it for that purpose. A distinction is drawn between a delegation of power to make the law, involving necessarily a discretion as to what it shall be and a grant of authority relative to its execution, though the latter involves the exercise of discretion under and in pursuance of the law. ’ ’
Laws under the police powers have often been sustained in which other officers or boards have been instructed or permitted to make regulations to carry them into effect. In 135 Mass., 178, the court say “such regulations [in that ease pilotage regulations] are in the nature of police regulations, “the making of which within defined limits may be entrusted to other bodies than the Legislature.” For further discussion of this subject see 102 Mich., 238; 101 Mich., 98; and generally upon the questions under consideration in this case, 45 Ohio St., 73.
Without entering, into any further or more elaborate discussion, the court finds that the plaintiff is entitled to recover in this action and judgment will be entered accordingly.