THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY ROTH, Plaintiff in Error.

*Opinion filed April 19, 1911.*

1. CONSTITUTIONAL LAW—*it is no objection that title of act is more comprehensive than the act itself.* The purpose of section 13 of article 4 of the constitution is to prevent the incorporation in an act of matters not fairly embraced in its title, and it is no objection that the title is more comprehensive than the act itself, provided it is not misleading or deceptive.

2. SAME—*Parole law not invalid because title does not mention crimes excepted.* The Parole law is not in violation of section 13 of article 4 of the constitution because the title does not indicate that any crimes are to be excepted from the operation of the act, whereas the body of the act excepts the crimes of treason, murder, rape and kidnaping.

3. SAME—*what is meant by "legislative power."* The term "legislative power," as used in section 1 of article 4 of the constitution, means the power to enact laws for the regulation of future conduct, rights and controversies, and does not mean that every action of the incumbents of offices created by the legislature must be expressly prescribed by law.

4. SAME—*it is competent for the legislature to authorize boards created by it to formulate rules.* It is not a violation of the provision of the constitution vesting the legislative power in the General Assembly to authorize boards created by the legislature to formulate rules for the performance of their duties and the exercise of their powers, in order to carry out the objects for which the boards were created.

5. SAME—*the Parole law does not delegate legislative power to board of pardons.* The powers granted by the Parole law to the board of pardons with reference to making rules and enforcing the same are not legislative powers within the meaning of the constitution, but are merely such powers as the legislature might lawfully confer. (*George* v. *People,* 167 Ill. 447, and *People* v. *Joyce,* 246 id. 124, adhered to.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

LOUIS GREENBERG, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAY-MAN, State's Attorney, and W. EDGAR SAMPSON, (ZACH HOFHEIMER, of counsel,) for the People.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

Harry Roth was indicted, tried and convicted in the criminal court of Cook county for the offense of taking indecent liberties with a child under the age of fifteen years, and sentenced to the penitentiary under the Parole law He has sued out a writ of error from this court and raises two questions as to the constitutionality of the Parole law, under which he was sentenced.

The first question that is raised in regard to the validity of the Parole law is, that the act is unconstitutional because the title is more comprehensive than the body of the act. The title of the act is, "An act to revise the law in relation to the sentence and commitment of persons convicted of crime." The point is pressed upon our attention that section 1 of the Parole law is unconstitutional because it excepts from its operation treason, murder, rape and kidnaping, while the title does not indicate that any crimes are excepted from the operation of the act. Section 13 of article 4 of the constitution provides that "no act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." We have frequently had the validity of statutes challenged because the act contained subjects not embraced within the title, but so far as we are aware this is the first case in which it has been claimed that the title was broader than the act itself. The constitutional provision which is supposed to be violated in this instance does not require that a legislative enactment must necessarily cover every conceivable subject that is so related to the title that it might properly be included within or under it. The purpose of the constitutional provision under consideration is to prevent legislation being enacted of which

the title gives no hint. The requirement is for the benefit of the members of the General Assembly and of the people who are to be governed by such statutes. When the object to be accomplished by this provision of the constitution is considered, it becomes apparent that it can have no application to a statute the title of which is more comprehensive than the body of the act. The rule contended for by the plaintiff in error, if applied to legislation, would compel the legislature to include in every act all subjects that might be legislated upon under any given title.

In the case of *People* v. *Joyce,* 246 Ill. 124, the constitutionality of the act now in question was assailed for several reasons, among others, that the act included subjects not embraced within the title. This objection was not sustained. In disposing of the objection then made to the title of said act, this court, on page 127, said: "The general subject dealt with by the act is the manner of carrying into effect the punishment, provided by law, of persons convicted of certain offenses. All of its provisions relate to that subject and are reasonably connected therewith. The principal purpose of the act is to provide a system of parole. Every act must embrace but a single subject, but it may include other provisions which are not foreign to the general subject and legitimately tend to accomplish the legislative purpose with reference to that general subject. (*People* v. *McBride,* 234 Ill. 146; *Meul* v. *People,* 198 id. 258; *Town of Manchester* v. *People,* 178 id. 285.) The act embraces and is concerned with but one subject, viz., the establishment of a system of parole, and the various provisions of the act are connected with and are in furtherance of that subject. The act is not, therefore, in violation of section 13 of article 4 of the constitution." In the case of *People* v. *McBride,* which is cited in the *Joyce* case, this court held that the generality or comprehensiveness of the title is no objection, provided the title is not misleading or deceptive and fairly directs the mind to the subject legis-

lated upon. Because the title of the act in question relates to a revision of the law concerning the sentence and commitment of persons convicted of crime, it is not essential to the validity of the act that it should embrace every crime mentioned in the Criminal Code.

Plaintiff in error next contends that the Parole law is unconstitutional because it delegates legislative authority to the board of pardons. This act was assailed in the *Joyce case* because it delegated certain powers to the board of pardons, but in that case the complaint was that the powers exercised by the board of pardons were judicial. The *Joyce case* was very ably and elaborately argued in this court on both sides, and the case was given that thorough and exhaustive consideration by this court which its importance seemed to demand. Counsel for plaintiff in error in the case at bar assumes in his argument that both court and counsel in the *Joyce case* entirely overlooked the real constitutional defect in the law. It is true that the court did not at that time see that the statute in question was unconstitutional because it delegated legislative power to the board of pardons, and we confess that after considering the question now in the light of the brief and argument of the plaintiff in error we still fail to see that said act delegates either judicial or legislative power to the board of pardons. The term "legislative power," as used in section 1 of article 4 of the constitution, declaring that legislative power shall be vested in the General Assembly, which shall consist of a senate and house of representatives, both to be elected by the people, means the power to enact laws or to declare what the law shall be. It is the power to enact new rules for the regulation of future conduct, rights and controversies. It does not mean that every act of officers created by the legislature must be expressly prescribed by the law-making power. The government of a State is not such an exact science that every possible contingency can be foreseen and provided for by legislative enactment. The

agencies of government do not act automatically, but to accomplish the ends of government it is necessary to vest in its officers certain general powers, with a discretion in the governmental agents as to their exercise. It would be as impracticable as it is undesirable to attempt to formulate in advance a set of hard and fast rules by which every conceivable public act should be governed. In order to accomplish the ends of local government it has been found expedient to create various boards and commissions, which are charged with the duty of supervising, directing and controlling particular subjects, and to authorize such boards to formulate rules to carry out the object in view, and it has usually been held in this and other States that the granting of such power by the legislature was not a grant either of legislative or judicial power. Thus, it has been held that an act authorizing a board of medical examiners to revoke a certificate granted by it when the holder has been guilty of unprofessional conduct is not an unauthorized delegation of legislative power; (*Ex parte McNulty,* 77 Cal. 164;) that an act regulating the practice of pharmacy and authorizing commissioners to make by-laws, grant and revoke licenses and exact a license fee is not unconstitutional as an attempt to delegate the powers of the legislature; (*Hildreth* v. *Crawford,* 65 Iowa, 339; 21 N. W. Rep. 667;) that an act which grants to a corporation the right to construct a dam may lawfully delegate to commissioners the duty of seeing that certain provisions as to the construction of the dam are specifically carried into effect; (*Commonwealth* v. *Essex County,* 79 Mass. 239;) that an act authorizing fish commissioners to give permits to take fish for the purpose of propagation, at times and by methods otherwise prohibited, is not a delegation of legislative power; (*People* v. *Brooks,* 101 Mich. 98; 59 N. W. Rep. 444;) that an act conferring powers of local legislation and administration on boards of supervisors does not deprive the legislature of power to authorize a board of health in

an incorporated city to adopt rules for the protection of the public health, enforcible by a criminal process; (*Cooper* v. *Schultz,* 32 How. Pr. 107;) that an act making it a penal offense for anyone, without the permission of those in charge of a camp meeting, to establish any tent, booth or place for the vending of provisions or refreshments, does not confer power on those in charge of camp meetings to license the sale of provisions and refreshments, and that the fact that it confers on such authorities the right to consent or refuse does not render the act void; (*Meyers* v. *Baker,* 120 Ill. 567;) that an act creating the Board of Railroad and Warehouse Commissioners and investing it with power to make rules and regulations applicable to all railroad corporations doing business in this State is a constitutional and valid law. *People* v. *Chicago, Indianapolis and Louisville Railway Co.* 223 Ill. 581.

These and many other authorities that might be cited illustrate the general trend of judicial decisions respecting the power of the legislature to authorize boards and commissions to make rules, and enforce the same, in respect to the subject committed to them. The power which the board of pardons may exercise under the Parole law are sustainable upon the principle of the foregoing cases and others in line with them. All of the objections made by plaintiff in error to the Parole law have been considered by this court in its previous decisions, particularly in the cases of *George* v. *People,* 167 Ill. 447, and *People* v. *Joyce, supra.* On the oral argument counsel for plaintiff in error virtually admitted that the contentions here made were contrary to the previous holdings of this court. We are not disposed to overrule those cases.

The judgment of the criminal court of Cook county will be affirmed.                                *Judgment affirmed.*