ANNA BELLE TARANTINA, Plaintiff in Error, *vs.* THE LOUISVILLE AND NASHVILLE RAILROAD COMPANY, Defendant in Error.

*Opinion filed June 21, 1912.*

1. CONSTITUTIONAL LAW—*object of title of an act is to give a general statement of the subject matter.* The object of the title of an act is to give a general statement of the subject matter, and such a general statement will be sufficient to include all provisions of the act having a reasonable connection with the subject matter mentioned and a reasonable tendency to accomplish the purpose of the act.

2. SAME—*provisions of act of 1911 to prevent drinking intoxicating liquor on trains are within the title.* All the provisions of the act of 1911 (Laws of 1911, p. 462,) to prevent the drinking of liquor on trains and at stations concern the subject matter of the act as expressed in its title and tend to accomplish the object of the act, which is to preserve good order on railroad trains and at stations.

3. SAME—*act of 1911 is not invalid as discriminating against passengers in day coaches.* The fact that the act of 1911 does not, in terms, apply to dining cars, buffet cars or sleeping cars does not, of itself, afford ground for holding the law invalid, as thereby discriminating against passengers in smoking cars, day coaches and parlor cars, as the classification so fixed by the legislature can not be said to be without reasonable basis.

4. SAME—*the act of 1911 is not a special or local regulation of the duties of constables and justices.* The act of 1911, to prevent the drinking of intoxicating liquor on railroad trains or at railroad stations, is not a special or local regulation of the duties of justices of the peace and constables, as the act affects alike all justices and constables who may be called upon to act thereunder.

5. SAME—*regulation of right to drink liquor is within the police power of the State.* The right to drink intoxicating liquor is

a personal right, but it is no more sacred than other rights of the individual, and all such rights are subject to the police power of the State for the preservation of order and good morals.

6. SAME—*act of 1911, to prevent use of liquor on trains, is not invalid.* The act of 1911, to prevent the use of intoxicating liquor on railroad trains and at railroad stations, is within the police power of the State, and is not invalid as depriving persons of liberty and property without due process of law, by prohibiting the drinking of intoxicating liquor under the conditions named.

7. SAME—*arrest of passenger under act of 1911 is not unconstitutional.* For a violation of the act of 1911, to prevent the use of liquor on railroad trains, a passenger can be punished or convicted only in the regular way, and his arrest is not unconstitutional, as the act merely extends the right of an officer or private citizen to arrest without a warrant under certain circumstances, which is recognized both at the common law and by statute.

8. SAME—*act of 1911 does not make conductor a State officer, in violation of the constitution.* The act of 1911 does not, by authorizing the conductor of the train to arrest a person drinking intoxicating liquor in violation of the act, make the conductor a State officer, as his power to arrest continues only while he is a conductor and is on duty, and is one which might have been conferred upon a private person.

9. SAME—*act need not cover every part of the subject which may come within the title.* The fact that the title of the act of 1911 refers to all railroad passenger cars whereas the body of the act includes only certain kinds of passenger cars does not invalidate the act, as there is no rule which requires an act to cover every part of the subject which might come within the title.

10. SAME—*provisions excluding drunken passengers from cars and providing for their arrest are within title of the act of 1911.* The provisions prohibiting the presence of intoxicated persons on certain cars and at stations and platforms and providing for the prompt arrest of offenders by conferring certain powers on conductors are reasonably calculated to prevent the drinking of intoxicating liquors at such places, and are therefore within the title of the act.

11. SAME—*penalty for violating act of 1911 is not manifestly unreasonable.* The penalty for violating the act of 1911, to prevent the use of intoxicating liquor upon railroad trains and about railroad stations, is not so unreasonable and disproportionate as to be subject to a constitutional objection.

VICKERS and COOKE, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding.

KARCH & HEIMBERGER, for plaintiff in error.

J. M. HAMILL, and C. P. HAMILL, for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The only question in this case is the constitutionality of an act of the General Assembly approved May 25, 1911, entitled "An act to provide for the punishment of any person who drinks any intoxicating liquor, or who is intoxicated, in or upon railroad passenger cars in use for the transportation of passengers, or in or about any railroad station or platform, and for conductors to make arrests therefor." (Laws of 1911, p. 462.) The action was case, for an assault and battery alleged to have been committed upon the plaintiff while a passenger on defendant's train, in St. Clair county. The pleas were, in substance, that the plaintiff, while a passenger in a day coach on defendant's train, drank intoxicating liquor, and that the conductor, by virtue of the authority conferred on him by the statute in question, acting for the State of Illinois and not for the defendant, arrested the plaintiff without process, using no more force than was necessary, and that such arrest constituted the assault complained of. There were several pleas, not differing materially. The plaintiff's demurrer to the pleas was overruled, and upon her election to stand by her demurrer the court rendered judgment that the defendant go without day and recover its costs.

The particular constitutional provisions which this act is supposed to violate are sections 2, 6, 9 and 11 of article 2, sections 13 and 22 of article 4, and sections 24 and 25 of article 5. The act is as follows:

"Sec. 1. That any person who shall drink any intoxicating liquor, or who shall be intoxicated, in or upon any railroad smoking car, parlor car, day coach, interurban car or caboose car, in use for the transportation of passengers, or in or about any railroad station or platform, upon conviction thereof, shall be fined not less than twenty-five dollars. ($25), nor more than one hundred dollars ($100), or imprisoned in the county jail for not less than thirty (30) days, nor more than one hundred (100) days, or both such fine and imprisonment.

"Sec. 2. Every railroad conductor, while on duty, is hereby authorized and empowered to exercise in any county of this State, for the purpose of enforcing the provisions of this act, all the common law and statutory powers conferred upon sheriffs and it is hereby made the duty of all such conductors to enforce the preceding section of this act, and to arrest without process any person who violates any provision thereof, and in so doing they shall be held to be acting for the State and not as employees of the company. Any person or persons so arrested shall be delivered by such conductor to some judge, justice of the peace, sheriff, constable, or police officer at some station or place within the county in which the offense was committed, for trial, according to law: *Provided,* that if the car on which such arrest is made does not stop within the county within which such offense was committed, then such conductor shall deliver the person so arrested to some sheriff, constable or police officer of the county wherein such car shall first stop after such arrest, who shall deliver the person so arrested to some judge or justice of the peace of the county in which the offense was committed, for trial.

"Sec. 3. Any such railroad conductor, who shall refuse or fail to comply with section 2 of this act, shall be deemed guilty of a misdemeanor and upon conviction thereof, shall be fined not less than ten dollars ($10) nor more than twenty-five dollars ($25.)

o

"Sec. 4. The several railroad companies in this State shall, without unnecessary delay, cause printed copies of the three preceding sections of this act to be kept posted in conspicuous places at all their stations along their lines of railroad in this State. Every railroad company that shall neglect to post, and keep posted, such notices as required by this section, shall for each offense, forfeit the sum of fifty dollars ($50), to be recovered in an action of debt, in the name of the People of the State of Illinois."

The objections to the act begin with the title, which is said to be misleading, incongruous and deceptive, and not to express the subject of the act, which is also said to embrace more than one subject. The object of the title is, not to state the reasons for the passage of the act or to give an index as to its contents, but to give a general statement of the subject matter of the act. Such general statement will be sufficient to include all provisions of an act having a reasonable connection with the subject matter mentioned and a reasonable tendency to accomplish the purpose of the act. (*Town of Manchester* v. *People,* 178 Ill. 285; *Meul* v. *People,* 198 id. 258; *People* v. *McBride,* 234 id. 146; *People* v. *Sayer,* 246 id. 382; *People* v. *Huff,* 249 id. 164.) The subject matter of this act is the use of intoxicating liquor upon railroads. The object to be accomplished was the preservation of good order in railroad trains and about railroad stations. All the provisions of the act concern this subject matter and tend to accomplish this result. The prohibition of intoxicated persons on certain cars and at stations and platforms, and the provisions for the prompt arrest of offenders by conferring certain powers on conductors, are certainly reasonably calculated to prevent the drinking of intoxicating liquors at such places, and therefore come within the title of the act whether they are subject to any other constitutional objection or not. It is not a valid objection that the title refers to all railroad passenger cars in use for the transportation

of passengers while the body of the act includes only certain kinds of passenger cars. The title is broad enough to include the terms of the act, and there is no rule which requires the act to cover every part of the subject which might come within the title.

It is insisted that the act is special in discriminating between passengers riding in day coaches or other cars of the kind mentioned in the act, and those riding in sleeping cars, dining cars and buffet cars, and in regulating the jurisdiction and duties of justices of the peace, police magistrates and constables. The evils arising from intoxication on railroad trains and the disorderly or riotous conduct growing out of such intoxication, together with the means necessary or best adapted for the remedy of these, were subjects for the consideration of the legislature. Dining cars and buffet cars are for the refreshment of travelers, and the sale and use of food and drink in them, as well as the conduct of the passengers in such cars, may be controlled by regulations of the railroad companies, which have the power to prevent drinking intoxicating liquor in such cars. Sleeping cars are usually occupied by persons traveling greater distances than those occupying other cars. Whether it is among local passengers that the evil to be suppressed is most likely to arise, and whether the different conditions with reference to this subject prevailing on the different kinds of cars required different regulations, were questions for the determination of the legislature, and we are not able to say that there is no reasonable basis for the distinction found in the act.

There is no special or local regulation of the duties of justices of the peace or constables. The same duties are imposed upon every justice of the peace, police magistrate or constable in the State where the circumstances provided for in the act arise. It may be that not every justice of the peace or constable in the State will be called upon to act in a case arising under this statute, but every such offi-

cer who may be so called upon will be equally affected by the act. A law general in its nature and uniform in its operation upon all persons coming within its scope is a general law. *Hawthorn* v. *People,* 109 Ill. 302; *People* v. *Kaelber,* 253 id. 552.

It is argued that the act deprives persons of their liberty and property without due process of law. The right to drink intoxicating liquor is a personal right, but it is no more sacred than the other rights of the individual, and all are subject to the police power of the State for the preservation of 'order and good morals. The use of intoxicating liquors is a recognized subject for regulation by the State under its police power, and such regulation has been upheld to the extent of the entire prohibition of their manufacture and sale. (*Bartemeyer* v. *Iowa,* 18 Wall. 129; *Boston Beer Co.* v. *Massachusetts,* 97 U. S. 25; *Mugler* v. *Kansas,* 123 id. 623.) The times and places when and where and the circumstances under which intoxicating liquors may be sold are regulated by statute for the purpose of reducing the evils of intemperance, and for the same purpose the times, places and circumstances of drinking intoxicating liquors may be regulated, so that the regulation does not unreasonably interfere with the liberty of the individual and is reasonably adapted to protect the public against a recognized public evil.

It is argued on behalf of the plaintiff in error that there is no necessity for the statute; that the law makes intoxication to the extent of disorderly conduct a misdemeanor; that the drinking of intoxicating liquors is in accordance with the habits and customs of the American people, is an innocent custom, and one of the sacred personal liberties of men. These are matters for the consideration of the legislature. If this American custom has become prevalent to the extent that in some parts of the State intoxicated or partially intoxicated persons are sometimes a menace or a source of discomfort to sober passengers, the legislature

is acting within its powers when it seeks to prevent such condition, and the act in question seems to be reasonably adapted to that end.

The passenger is not deprived of due process of law nor is his arrest unconstitutional. He cannot be convicted or punished except upon trial in the usual way. The right of an officer or private citizen to arrest without a warrant under certain circumstances has always been recognized at common law and is regulated in this State by statute. The act in question extends that right, and such extension is not unreasonable in view of the fact that the enforcement of the act without such power would be practically impossible. The person arrested must be immediately delivered to an officer for trial in the county in which the offense was committed.

It is argued that the conductor's right to labor is unwarrantably interfered with by his being obliged to do police duty, and that a person may be carried out of the State for an offense committed in this State. The plaintiff in error was not a conductor and was not carried out of the State. She cannot complain of the unconstitutionality of the law in any particular which does not affect her.

It is contended that the act violates sections 24 and 25 of article 5 of the constitution. Section 24 declares that "an office is a public position created by the constitution or law, continuing during the pleasure of the appointing power, or for a fixed time, with a successor elected or appointed. An employment is an agency, for a temporary purpose, which ceases when that purpose is accomplished." Section 25 prescribes the oath to be taken by all civil officers except those who are exempted. It is argued that the act makes the conductor an officer of the State. The power given to the conductor is not for a fixed term or during the pleasure of an appointing power and he has no successor elected or appointed. His power continues only

while he is a conductor and while he is on duty. It might have been conferred on any private person.

It is said that the penalty is excessive and not proportioned to the nature of the offense. It is not so manifestly unreasonable and disproportionate as to be subject to a constitutional objection.

The circuit court properly overruled the demurrer, and its judgment is affirmed.        *Judgment affirmed.*

VICKERS and COOKE, JJ., dissenting.