15993

DOYLE v. KING *ET AL.*
(44 S. E. (2d) 608)

*Mr. Huger Sinkler,* of Charleston, for Appellant,

*Mr. James B. Morrison,* of Georgetown, for Respondents,

October 1, 1947.

Order of Judge Lide follows:

The plaintiff is a resident and taxpayer of Georgetown County. He has brought this action to obtain an adjudication that an Act entitled, "An Act to Authorize the County Board of Education of Georgetown County, State of South Carolina, to Issue and Sell Not Exceeding Four Hundred and Seventy-five Thousand ($475,000.00) Dollars of Notes of Georgetown County, State Aforesaid, for the Purposes of Constructing and Equipping School Buildings in and for Georgetown County; Purchasing Lands for Suitable Sites for Such Structures and Buildings; and Any Suitable Building or Buildings with or without the Lands upon Which the Same May be Situate; Remodeling, Enlarging, Changing and Improving Any Such Building or Buildings That May Be Purchased or That May be Already Owned by Georgetown County; Employing Architects, Engineers and Other Necessary Personnel to Prepare Plans and Specifica-

tions for Such Building Program and to Do Any and All Things Necessary and Reasonable to Carry Out the Purposes of This Act", which became effective upon its approval by the Governor on May 12th, 1947, is unconstitutional on the ground that the body of the Act, whose Title I have set forth, does not contain all of the matters set forth in the Title.

It will be noted that the Title authorizes the County Board of Education to issue and sell Four Hundred Seventy-Five Thousand ($475,000.00) Dollars of Notes of Georgetown County, whose proceeds should be used for the following purposes :

(1) constructing and equipping school buildings in Georgetown County;

(2) purchasing of land for suitable sites for such structures and buildings;

(3) purchasing of suitable buildings, with or without the lands upon which the same may be situate;

(4) remodeling, enlarging, changing and improving any such buildings that may be purchased;

(5) remodeling, enlarging, changing and improving any building that may be already owned by Georgetown County;

(6) employing architects, engineers and other necessary personnel to prepare plans and specifications for such program; and, finally,

(7) to do any and all things necessary and reasonable to carry out the purposes of the Act.

The body of the Act merely provides that the County Board of Education is authorized to issue Four Hundred Seventy-five Thousand ($475,000.00) Dollars of Notes of Georgetown County, whose proceeds should be applied for the purpose of constructing and equipping school buildings in Georgetown County, and the buying of lands or buildings for school purposes. The resolutions which are alleged to have been adopted by the County Board of Education

follow the provisions found in the body of the Act literally and provide that the proceeds of the Notes be applied for the purpose of constructing and equipping school buildings and the buying of lands or buildings for school purposes.

It will thus be seen that the body of the Act does not authorize the remodeling, enlarging, changing or improving of any buildings that might be purchased by Georgetown County, or the remodeling, enlarging, changing or improving of any buildings that might already be owned by Georgetown County, unless it be held that the authorization to construct school buildings would include an authorization to remodel, enlarge, change and improve buildings that might be purchased or which may already be owned by the County. Furthermore, there is no reference at all in the body of the Act, which would permit the employment of architects, engineers or other necessary personnel to prepare plans and specifications for "such building program", although here little doubt could arise but that the authorization to construct would carry with it the authorization to do all things necessary to effectuate the construction and which would, of necessity, include the right to employ persons skilled in construction work, such as architects and engineers.

Section 17 of Article III of the Constitution provides: "Every Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title."

The question here for decision is whether the provisions of this Section of the Constitution render void the Act in litigation.

As the County Board of Education is not attempting to expend money to remodel, enlarge, change or improve any existing buildings that might be owned by the County, or that might be acquired by the County, it is unnecessary for me to consider whether the authorization to construct school buildings, as contained in the body of the Act, would

carry with it these other purposes. But, for the purpose of this Decree I shall assume that there appear in the Title of the Act matters which are not found in the body of the Act. Put otherwise, does the surplusage in the Title render the Act void?

The provision in our Constitution, which I have just cited, is common to many States and would appear to be the cause of frequent challenges of the validity of legislation. There are countless cases in this jurisdiction, in which Acts have been challenged for the reason that they relate to more than one subject, and there have been countless challenges on the ground that the subject of the legislation does not appear in the Title of the Act. Illustrative of this type of litigation are:

*DeLoach v. Scheper,* 188 S. C. 21, 198 S. E. 409, and *State ex rel. Coleman v. Lewis,* 181 S. C. 10, 186 S. E. 625. It is unnecessary to review those cases. Suffice it to say that our Court has held that this Section should be construed liberally and should not be employed to unnecessarily embarrass legislation.

We have also had litigation in this State in an instance where a typographical error occurred in the Title to legislation. Incidentally, I have been advised that a mistake on the desk of one of the two Houses in the General Assembly probably brought about the situation here, as it would seem that the body of this Act is an amendment to a Bill, whose Title is now the Title to this Act, and that an amendment has been proposed changing the Title in such a way that it would have conformed to the body of the Act as it was afterwards enacted. The amendment to the Title was unfortunately omitted. Our Court has held that it is beyond the province of the judicial branch of the government to correct errors of this sort. *Robinson v. City of Columbia,* 116 S. C. 193, 107 S. E. 476.

There also appears to have been decided by our Court a case involving an Act, whose body was broader than the

Title. I refer to the case of *State ex rel. Ray v. Blease et al.,* 95 S. C. 403, 79 S. E. 247, 252. That litigation involved the validity of the refunding of the debt of the State in 1912. The body of the Act authorized the redemption of both Redemption Brown Consols and Brown Consols, while the Title specifically limited the purpose to the redemption of Redemption Brown Consols. The Court held that the refunding operation would have to be limited to the redemption of the Redemption Brown Consols, stating: "While the body of the act does authorize the redemption of both Redemption Brown Consols and Brown Consols, the title specifically limits the act to the redemption of bonds and stocks issued under the act of 1892, namely, Redemption Brown Consols. While the courts construe the provision of the Constitution in question (that an act shall relate to but one subject, which shall be expressed in its title) very liberally to the end that legislation shall not thereby be needlessly hampered and embarrassed, still, when the title of an act definitely and specifically limits its object, as that of the act of 1892 does, to the redemption of a particular and specified issue of bonds, the court must limit the operation of the act to the subject so expressed in the title. Otherwise the provision of the Consitution in question would be set at naught. The Legislature may have had good reasons for limiting the commission to the redemption of the consols issued under the act of 1892. But it is not for us to inquire whether it had any reasons, or whether they were good or bad, or whether the failure to provide for the redemption of all the outstanding obligations of the state is only a *casus omissus*. In either event we have no power to dispense with the mandate of the Constitution. The commission is therefore limited to the redemption of Redemption Brown Consols issued under the act of 1892."

■ If this principle of law be correct, as it would certainly appear, then it would seem to follow that in instances where the Title to the Act is broader than the body, the operation of the Act would be limited to mat-

ters embraced both in the Title and in the body of the Act, provided always that the Title is not so deceptive or misleading to render the entire Statute void. Cases from other jurisdictions so hold, and in 50 American Jurisprudence, page 161, it is stated:

"It is ordinarily not an objection to the sufficiency of a title that it is broader than the body of the act, or that the act does not contain all the provisions that it might contain under the title, or that it does not embrace and dispose of the whole subject to which it relates, provided the title is not misleading, but fairly indicates the scope and purpose of the act so that a person reading it may expect legislation of the character contained in the body of the act. Hence, if a title is comprehensive enough to embrace all the provisions of an act considered as a whole it cannot be rendered insufficient by the holding of some of the provisions of the act to be unconstitutional. There may, however, be cases in which a title broader than the act itself is so false and deceptive as to be insufficient."

Other authorities for this proposition are:

*People v. Roth,* 249 Ill. 532, 94 N. E. 953, Ann. Cas. 1912-A, 100, in which the Illinois Court, after pointing out the novelty of the question, stated: "The constitutional provision which is supposed to be violated in this instance does not require that a legislative enactment must necessarily cover every conceivable subject that is so related to the title that it might properly be included within or under it. The purpose of the constitutional provision under consideration is to prevent legislation being enacted of which the title gives no hint. * * * When the object to be accomplished by this provision * * * is considered, it becomes apparent that it can have no application to a statute the title of which is more comprehensive than the body of the Act".

Similar conclusions were reached by the Supreme Court of Tennessee, in the case of *Foster & Creighton Company v. Graham,* 154 Tenn. 412, 285 S. W. 570, 575, 47 A. L.

R. 971. In that case, the Tennessee Court stated: "The most that could be said would be that the title covers both cases * * *. This, however, would not invalidate the act. The one subject clause of the Constitution applies only to the body of the act, and not to the caption and there is no objection that the caption contains two subjects and the body only one."

From the Court's discussion, it would seem that the provision in the Tennessee Constitution was similar to that in our own Constitution.

See also the recent case of *Markendorff v. Friedman,* 280 Ky. 484, 133 S. W. (2d) 516, 127 A. L. R. 416, in which the Kentucky Court reached a similar conclusion.

In the light of this discussion, I conclude and so hold that the Act is a valid enactment and that the Defendants may exercise all powers conferred upon them by the body of the Act.

It is for These Reasons Ordered, Adjudged and Decreed That the Demurrer be sustained, the Complaint herein be dismissed, and the injunction sought therein denied.

And It Is So Ordered.

PER CURIAM.

The exception to the judgment under appeal has been carefully considered and is found to be without merit; it is overruled. The well-reasoned decree of the Circuit Court is entirely satisfactory and will be reported as the opinion of this Court. The conclusion of it is supported by the following additional authorities: *State v. Burgdoerfer,* 107 Mo. 1, 17 S. W. 646, 14 L. R. A. 846; *Seaboard Air Line Ry. v. Simon,* 56 Fla. 545, 47 So. 1001, 20 L. R. A., N. S., 126, 16 Ann. Cas. 1234; *Mayor of Baltimore v. Keeley Institute,* 81 Md. 106, 31 A. 437, 27 L. R. A. 646; *Lowery, Tax Collector, v. Red Cab Company,* Tex. Civ. App., 262 S. W. 147; *People v. McBride,* 234 Ill. 148, 84 N. E. 865, 123

Am. St. Rep. 82, 14 Ann. Cas. 994; *Tarantina v. Louisville & N. R. Co.,* 254 Ill. 624, 98 N. E. 999, Ann. Cas. 1913-B, 1058; *Boyer v. Grand Rapids Ins. Co.,* 124 Mich. 455, 83 N. W. 124, 83 Am. St. Rep. 338; and *State v. Heldenbrand,* 62 Neb. 136, 87 N. W. 25, 89 Am. St. Rep. 743. No contrary decision has been found.

Judgment affirmed.